UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-561-FDW
(3:14-cr-52-FDW-1)

| | |
|---|---|
| SERGIO BENITEZ-HERNANDEZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

In December 2005, pro se Petitioner Sergio Benitez-Hernandez kidnapped another individual by unlawfully confining and restraining her, for the purpose of holding her for ransom and terrorizing her. (Crim. Case No. 3:14cr52, Doc. No. 13 at 5: PSR). Petitioner was subsequently convicted of second-degree kidnapping and conspiracy to commit second-degree kidnapping under North Carolina law and sentenced to 18-31 months of imprisonment. (Id.). Petitioner is a Mexican native, and he was ordered removed from the United States in 2013. (Id. at 3). Petitioner returned to the United States without permission, and in February 2014 Petitioner was arrested by law-enforcement officers in Union County, North Carolina. (Id.).

A grand jury in the Western District of North Carolina indicted Petitioner in March 2014, charging him with one count of illegal reentry, in violation of 8 U.S.C. § 1326(a). (Id., Doc. No. 1: Indictment). The indictment alleged that his illegal reentry was "subsequent to a conviction for the commission of an aggravated felony," which increased the statutory maximum sentence

1

for his offense to 20 years of imprisonment, pursuant to 8 U.S.C. § 1326(b)(2).

Petitioner pleaded guilty to the illegal-reentry offense and this Court sentenced him to 37 months of imprisonment. (Id., Doc. No. 9: Acceptance and Entry of Guilty Plea; Doc. No. 16: Judgment). Petitioner's presentence report determined, among other things, that a 16-offense level enhancement was appropriate under Section 2L1.2(b)(1)(A) of the advisory Sentencing Guidelines because he had previously been convicted of a felony crime of violence. (Id., Doc. No. 13 at 4). This Court adopted the presentence report's determination. (Id., Doc. No. 17: Statement of Reasons). Petitioner did not appeal his conviction or sentence. Instead, in November 2015, he timely filed the pending motion to vacate, contending that he is entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and under the rationale of the Ninth Circuit Court of Appeals decision in Dimaya v. Lynch, 803 F.3d 1110, 1111 (9th Cir. 2015). Specifically, Petitioner seeks for this Court to vacate his 37-month sentence, contending that 18 U.S.C. § 16(b), which partially defines the term "aggravated felony" under the Immigration and Nationality Act, is constitutionally infirm in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). For the following reasons, Petitioner's motion to vacate will be denied and dismissed.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Response, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States,

423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In support of his motion to vacate, Petitioner seeks relief from his sentence under the rationale of a Ninth Circuit decision, <u>Dimaya v. Lynch</u>, which reversed a finding by the Board of Immigration Appeals that a non-citizen was subject to deportation under a provision of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii). 803 F.3d 1110, 1111 (9th Cir. 2015). That provision makes "deportable" any "alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). The statute defines "aggravated felony" to include numerous different categories of offenses, one of which is "a crime of violence" as defined by another statute, 18 U.S.C. § 16(b). 8 U.S.C. § 1101(a)(43)(F). For purposes of the Immigration and Nationality Act, the statute defining "crime of violence," 18 U.S.C. § 16, contains a force clause and a residual clause. The force clause of section 16(b) includes "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The residual clause of that statute includes "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." <u>Id.</u> § 16(b). In <u>Dimaya</u>, the Ninth Circuit held that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague, relying on the Supreme Court's 2015 decision in <u>Johnson v. United States</u>, which found the so-called residual clause of the Armed Career Criminal Act to be unconstitutionally vague.[1] <u>Dimaya</u>, 803 F.3d at 1120. Petitioner attempts to

---

[1] The Armed Career Criminal Act ("ACCA") provides for a mandatory minimum term of fifteen years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of

3

argue that he is entitled to relief in this case, in light of Johnson, and based on the rationale of the Dimaya opinion.

Petitioner is not entitled to relief in light of Johnson or under the Ninth Circuit's decision in Dimaya. First, contrary to his contention in his motion to vacate, Petitioner's sentence was not increased under 18 U.S.C. § 16(b). The offense of which Petitioner was convicted is defined by 8 U.S.C. § 1326(a). That section punishes illegal reentry with up to two years of imprisonment and does not require that the reentry follow conviction for an aggravated felony. Id. Subsection (b) of that statute "is a penalty provision." United States v. DeLamos, 251 F. App'x 207, 208 (4th Cir. 2007) (unpublished decision). Section "1326(b)(2) provides that if the alien's 'removal was subsequent to an aggravated felony,' he faces a maximum prison term of twenty years; if the alien was deported after conviction of a non-aggravated felony, the maximum sentence is ten years under § 1326(b)(1)." Id. "Aggravated felony" is defined by the same provision addressed in Dimaya, 8 U.S.C. § 1101(a)(43). Here, Petitioner's prior kidnapping conviction, for which he received an 18-31 month prison sentence, was clearly a felony conviction, and Petitioner does not argue otherwise. Moreover, even if his offense were not an aggravated felony, his statutory

---

physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Id. at 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. However, the Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563. As a result of Johnson, a defendant who was sentenced pursuant to a statutory mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause," or qualify as one of the four enumerated offenses, no relief is warranted.

maximum sentence would have been ten years of imprisonment.  See 18 U.S.C. § 1326(b)(1).

In this Court, Petitioner received a term of imprisonment of 37 months, well below the ten-year statutory maximum to which he would have been subject if his prior offense were not for an aggravated felony.  Accordingly, his sentence was not increased under 18 U.S.C. § 16(b).  Moreover, as the Government notes, this Court's application of Section 2L1.2 of the Sentencing Guidelines, which resulted in a 16-offense level enhancement, was not affected by 18 U.S.C. § 16(b), the Ninth Circuit's decision in Dimaya, or the Supreme Court's decision in Johnson.  The definition of "crime of violence" under that section does not include any residual clause.  See U.S.S.G. § 2L1.2 (comment n.1(b)(iii)).  It also expressly includes "kidnapping."  Id.  Petitioner's indictment does refer to an "aggravated felony" and 8 U.S.C. § 1326(b)(2), but whether his prior offense was an aggravated felony remains irrelevant.  Because subsections (b)(1) and (b)(2) are penalty provisions, they need not be charged in the indictment.  See Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998).  A mischaracterization of a prior offense as an "aggravated felony" under subsection (b)(2) in an indictment is "not material" and would not prevent this Court from properly sentencing Petitioner under 8 U.S.C. § 1326(b)(1).  See United States v. Jack, 45 F. App'x 273, 273 (4th Cir. 2002).  In sum, because Petitioner's sentence was not increased under 18 U.S.C. § 16(b), he is not entitled to relief from that sentence under 28 U.S.C. § 2255.[2]

The Court finds additionally that, because Petitioner challenges 18 U.S.C. § 16(b) for the first time in his motion under Section 2255, his challenge is subject to a procedural bar, United

---

[2] The Government also argues that, even if 18 U.S.C. § 16(b) affected Petitioner's sentence, 18 U.S.C. § 16(b) is not unconstitutionally vague.  The Government argues that the Court should therefore decline to follow the Ninth Circuit's reasoning in Dimaya and decline to hold that Section 16(b) is constitutionally infirm.  Because Section 16(b) did not affect Petitioner's sentence, the Court need not address this argument.

States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). Petitioner is not entitled to raise his procedurally defaulted argument unless he can show "cause and prejudice, or actual innocence." Id. He has not even attempted to make this showing, nor could he. First, that Johnson had not been decided while his criminal case was before this Court does not establish cause. See Bousley v. United States, 523 U.S. 614, 623 (1998) (rejecting arguments that section 2255 movant demonstrated cause for failure to raise argument based on a new Supreme Court holding issued after his case became final); Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting that "alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review"). Furthermore, as explained above, the characterization of Petitioner's prior offense as an aggravated felony did not affect his sentence; thus, he cannot show prejudice. Petitioner also cannot establish actual innocence because he does not contend that he did not commit the kidnapping offense of which he was convicted. See Pettiford, 612 F.3d 270. Petitioner's procedural default precludes him from obtaining relief.

Finally, Petitioner's motion to vacate is subject to dismissal for the additional reason that Petitioner is complaining about an alleged sentencing error that is not cognizable on collateral review under Section 2255. That is, the Fourth Circuit has held that the district courts lack authority to collaterally review a sentencing error unless it is (1) "constitutional," (2) "jurisdictional," or (3) "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015). The sentencing error that Petitioner alleges does not fall into any of these three narrow categories. Thus, for this additional reason, Petitioner's motion to vacate is denied.

### IV. CONCLUSION

For the reasons stated herein, the Court will deny and dismiss the § 2255 petition.

6

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Frank D. Whitney
Chief United States District Judge